# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARNELL LOVELL JOHNSON,** | : | **CIVIL NO. 3:14CV-2329** |
| Petitioner | : | (Judge Munley) |
| v. | : | |
| **KENNETH CAMERON, PA STATE ATTORNEY GENERAL,** | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

On December 8, 2014, petitioner Darnell Lovell Johnson ("petitioner"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his February 6, 2009 Court of Common Pleas of Lycoming County, Pennsylvania convictions for robbery and related offenses. (Doc. 1). The petition is presently ripe for disposition and, for the reasons set forth below, the petition will be dismissed as untimely.

## I.   Background

Petitioner was found guilty on December 15, 2006, to charges that included, *inter alia*, Robbery, Criminal Conspiracy, Possession of a Weapon, and Person not to Possess Firearms. (Doc. 12-1, p. 51). He was sentenced to an aggregate sentence of fifteen to thirty years in a State Correctional Institution. (Doc. 12-2, pp. 35-37). Petitioner filed a *nunc pro tunc* appeal that was denied by memorandum opinion on May 27, 2009. (Id. at 38-42). He did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

Petitioner timely filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46, on October 15,

2009. (Doc. 12-2, pp. 43-53). Counsel was appointed and an amended PCRA was filed on August 27, 2010. (Id. at 55-59). A supplemental amended PCRA was filed on August 27, 2010. (Id. at 64-72). The PCRA was dismissed on March 30, 2012. (Id. at 181-90). He appealed the dismissal to the superior court. (Id. at 196-215). The superior court affirmed the dismissal. (Id.) Thereafter, he filed a timely petition for allowance of appeal to the supreme court, which was denied on January, 28, 2014.

The instant petition was filed on December 8, 2014.

**II.    Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).  Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired.  See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).  Thus, the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded.  See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) (stating that "the AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.").

Petitioner was sentenced on February 6, 2007.  His judgment became final on June 26, 2009, when his time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired.  The one-year period for the statute of limitations commenced running as of that date and expired one year later.  Hence, the federal petition filed on December 8, 2014, is patently untimely.  However, this does not conclude the Court's analysis as it is necessary to consider both statutory and equitable tolling.

    A.    <u>Statutory Tolling</u>

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner

may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. Dist. Attorney of the Cnty of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001).

Petitioner successfully tolled the statue of limitations on October 15, 2009, when he filed a timely PCRA. At that point, approximately 111 days of the one year limitations period had elapsed. The statute remained tolled until the conclusion of his PCRA proceedings on January, 28, 2014. Petitioner was required to file his federal petition within 254 days of the conclusion of the PCRA proceedings. He failed to accomplish this in that he did not file his petition in this Court until December 8, 2014, approximately 314 days later or, 60 days after the expiration of the statute of limitations. Consequently, his federal petition, which was received in federal court on December 8, 2014, was filed after the expiration of the limitations period and is untimely.

### B. Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception); Johnson v. Hendricks, 314 F.3d 159, 162 (3d Cir. 2002). Significantly, this statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under

4

AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit it where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. See Yanes v. Nish, No. 1:CV-08-2234, 2009 WL 1045884, at *2 (M.D. Pa. 2009) (Caldwell, J.) (citing Jones, 195 F.3d at 159).

Petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 F. App'x. 258, 260 (3d Cir. 2003). His 111 day delay in filing his PCRA petition does not demonstrate reasonable diligence. Nor does the passage of approximately 314 days between

5

the final disposition of his PCRA petition and the filing of his petition in federal court. Additionally, he fails to meet the extraordinary circumstances element in that he was not actively misled, he was not in some extraordinary way been prevented from asserting his rights, he did not timely assert his rights mistakenly in the wrong forum, and the was not mislead by the court regarding the steps needed to take to preserve his claims.  Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III.   CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus (Doc. 1) will be dismissed as time-barred.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v.

McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  See Vogt, 2010 WL 126155, at *8 (concluding that "jurists of reason would not find it debatable whether the Petition was filed within the one-year limitation period provided for under AEDPA" and denying a certificate of appealability).  Accordingly, there is no basis for the issuance of a certificate of appealability.

The denial of a certificate of appealability does not prevent petitioner from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals.  See FED. R. APP. P. 22(b)(1), (2).

A separate order will enter.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:     May 2, 2016